IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HALLINE and PAULETTE M. OVERBY.<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION OF LETTER CARRIERS, NATIONAL ASSOCIATION OF LETTER CARRIERS ANNUITY TRUST FUND, WILLIAM H. YOUNG, and BOARD OF TRUSTEES of the NATIONAL ASSOCIATION OF LETTER CARRIERS ANNUITY TRUST FUND,<br><br>Defendants. | Civil Action No. 1:06CV01356<br><br>Judge Rosemary M. Collyer |

## ANSWER OF DEFENDANTS

Defendants National Association of Letter Carriers ("NALC"), National Association of Letter Carriers Annuity Trust Fund (the "Fund"), William H. Young, and Board of Trustees of the National Association of Letter Carriers Annuity Trust Fund (the "Board") by and through their undersigned counsel, answer the paragraphs contained in the complaint (the "Complaint") filed by Plaintiffs Halline and Paulette Overby ("Plaintiffs").

As to the non-numbered paragraph which begins Plaintiffs' Complaint, to the extent an answer is required, Defendants deny the allegations in said paragraph and demand strict proof thereof.

Defendants' answer the remainder of Plaintiffs' Complaint in the like-numbered paragraphs as follow below:

## JURISDICTION AND VENUE

1.   The allegations in paragraph 1 of the Complaint contain legal conclusions as to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 1 of the Complaint and demand strict proof thereof.

2.   The allegations in paragraph 2 contain legal conclusions as to which no answer is required. To the extent an answer is required, Defendants admit that Halline Overby rendered services for the National Association of Letter Carriers ("NALC") in the District of Columbia and deny the remaining allegations and demand strict proof thereof.

## THE PARTIES

3.   As to the allegations in paragraph 3, Defendants admit, on information and belief, that Halline Overby resides in Falls Church, Virginia; that his date of birth was August 29, 1920, that he became President of Branch 24 of the NALC in 1969, that he became a member of the NALC Board of Trustees (and NALC Annuity Trust Fund Board of Trustees) in January, 1979, that he served as Chairman of the Board of Trustees; that he became NALC Assistant Secretary-Treasurer effective April 3, 1981 and served in that capacity until 1990; and that he was a member of the NALC Executive Council from 1979 to 1990. Defendants further admit that Overby is an annuitant of the Fund and a "participant" under ERISA Section 3(7), 29 U.S.C. § 1002(7) and deny the remaining allegations and demand strict proof thereof.

4.   As to the allegations in paragraph 4, Defendants admit, on information and belief, that Halline Overby and Paulette Overby were married on May 30, 1991 and have been married for 15 years. The remaining allegations of paragraph 4 contain legal conclusions as to which no answer is required, but to the extent an answer is required, Defendants deny said allegations.

5. Defendants admit that NALC is a union of city delivery letter carriers employed by the United States Postal Service, that NALC maintains its principal headquarters in the District of Columbia, and aver that NALC has approximately 260,000 active and retired members and over 2,100 branches in the United States. Defendants deny the remaining allegations contained in paragraph 5 and demand strict proof thereof.

6. Defendants admit that the Fund is an employee benefit plan as defined in ERISA Section 3(3), 29 U.S.C. §§ 1002(3), and an "employee pension benefit plan" as defined in Section 3(2)(A), 29 U.S.C. § 1002(2)(A) and that participants in the Fund include officers and employees of NALC. The remaining allegations of paragraph 6 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations in paragraph 6 and demand strict proof thereof.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. Defendants admit that Mr. Overby served as a letter carrier and as an officer of the NALC, that he executed an application for an annuity on October 22, 1990 and that his annuity from the Fund commenced s on February 1, 1991 and otherwise the deny the allegations of paragraph 9 of the Complaint, and therefore deny the same and demand strict proof thereof.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. As to the allegations of paragraph 11, Defendants admit that the terms of the Fund have included provisions for survivor benefits, refer to the NALC Annuity Trust Fund's Summary Plan Description, as amended through December 16, 1981, for the contents thereof and otherwise deny the allegations of paragraph 11 and demand strict proof thereof.

12.     Defendants admit that a form containing certain information was provided by Mr. Overby to the Fund, refer to the form for its contents, and otherwise deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants admit that on or about February, 2003, an inquiry was made concerning Mrs. Overby's eligibility for a survivor annuity, that William Young, who is President of the NALC and Administrator of the NALC Annuity Trust, responded by letter dated February 7, 2003, refer to the February 7, 2003 letter for its contents, and other deny the allegations of paragraph 13 and demand strict proof thereof.

14.     Defendants admit that by letter dated March 29, 2003, Mr. Overby requested review, refer to the March 29, 2003 letter for its contents, and otherwise deny the allegations of parargraph 14 of the Complaint.

15.     Defendants admit that Defendant Young sent a letter to Mr. Overby dated May 7, 2003 regarding survivor annuity benefits, refer to the letter for the contents thereof, and otherwise deny the allegations in paragraph 15 of the Complaint.

16.     Defendant admit that Article V Section 1 of the NALC Annuity Trust Fund Retirement Plan Rules and Regulations ("Rules and Regulations"), as amended through December 31, 1999, sets forth certain provisions regarding survivor annuities, refer to the Rules and Regulations for the contents thereof and otherwise deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants admit that Richard LaFollette is the assistant administrator of the Fund, that he was contacted by Mr. Overby, that he referred to the survivor annuity provisions of the Fund, and otherwise deny the allegations of paragraph 17 of the Complaint.

18. Defendants lack knowledge sufficient to answer the allegations contained in paragraph 18 of the Complaint, and therefore deny the allegations and demand strict proof thereof.

19. Defendants admit that a letter dated April 26, 2004 was sent to Plaintiff's counsel regarding a decision of the Trustees concerning Paulette Overby's eligibility for survivor benefits, refer to the letter for its contents, and otherwise deny the allegations of paragraph 19 of the Complaint.

20. Defendants admit that the minutes from the May 14-16, 1985 NALC Executive Council meeting include a provision regarding amendments to the NALC Annuity Trust Fund, refer to the minutes for the contents thereof and otherwise deny the allegations contained in paragraph 19 of the Complaint.

21. Defendants admit that Plaintiff Halline Overby was a member of the NALC Executive Council from 1981 to 1990 and was present at the NALC's Executive Council meeting on May 14-16, 1985. Defendants lack knowledge sufficient to answer the remainder of the allegations contained in paragraph 21 of the Complaint, and therefore deny the allegations and demand strict proof thereof.

22. Defendants admit that Plaintiff Halline Overby purports to have collected various documents from certain individuals, and otherwise without sufficient information to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore deny the same and demand strict proof thereof.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that a meeting of the Board of Trustees of the NALC Annuity Trust Fund occurred on April 19, 1985 in Nashville, TN, refer to the minutes of the meeting for

the contents thereof and otherwise deny the allegations contained in paragraph 24 of the Complaint and demand strict proof thereof.

25. Defendants admit that a meeting of the Board of Trustees of the NALC Annuity Trust Fund occurred on April 19, 1985 in Nashville, TN, refer to the minutes for the contents thereof and otherwise deny the allegations contained in paragraph 25 of the Complaint and demand strict proof thereof.

26. With respect to paragraph 26 of the Complaint, Defendants refer to the minutes, the March 23, 1990 letter, and the Fund's Summary Plan Description, as amended through December 31, 1989 for the contents thereof and otherwise deny the allegations contained in paragraph 26 of the Complaint and demand strict proof thereof.

27. Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore deny the same and demand strict proof thereof.

28. Defendants admit that Plaintiff's counsel sent a letter to Defendant's counsel dated February 8, 2006, refer to the letter for the contents thereof, further admit that the parties executed a Tolling Agreement suspending the applicable statute of limitations for a term certain beginning May 1, 2006, that the Tolling Agreement was extended on limited bases, that Defendants did not issue a response to the letter dated February 8, 2006, and otherwise deny the allegations of paragraph 28 of the Complaint.

## **CLAIM ONE**

29. Defendants incorporate herein by reference their answers to paragraphs 1 through 28 as if set forth in full.

30. The allegations in paragraph 30 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

31. The allegations in paragraph 31 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

32. The allegations in paragraph 32 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

33. Defendants admit that the terms of the Fund include a survivor annuity, refer to the Rules and Regulations of the Fund for their contents, and otherwise deny the allegations contained in paragraph 33 of the Complaint and demand strict proof thereof.

34. The allegations in paragraph 34 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

35. The allegations in paragraph 35 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

36. The allegations in paragraph 36 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

37. The allegations in paragraph 37 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

38. Defendants admit that Defendants' counsel sent a letter to Plaintiffs' counsel dated April 26, 2004, refer to the letter for its contents, and otherwise deny the allegations of paragraph 38 of the Complaint.

## CLAIM TWO

39. Defendants incorporate herein by reference their answers to paragraphs 1 through 38 as if set forth in full.

40. The allegations in paragraph 40 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

41. Defendants admit that Article IX, Section I of the NALC Annuity Trust Fund Plan Rules and Regulations ("Plan Rules and Regulations"), set forth terms related to amendment of the plan, refer to the Plan Rules and Regulations for the contents thereof, and otherwise deny the allegations contained in paragraph 41 of the Complaint and demand strict proof thereof.

42. Defendants admit that they contend that the amendment implementing the survivor annuity rule currently in effect was adopted at the meeting of the Annuity Trust Fund Board of Trustees in April, 1985, and approved at the NALC Executive Council ("Council") meeting in May, 1985 and otherwise deny the allegations contained in paragraph 42 of the Complaint and demand strict proof thereof.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

## CLAIM THREE

44.	Defendants incorporate herein by reference their answers to paragraphs 1 through 43 as if set forth in full.

45.	The allegations in paragraph 45 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

## CLAIM FOUR

46.	Defendants deny the allegations contained in paragraph 46 of the Complaint and demand strict proof thereof.

47.	Defendants incorporate herein by reference their answers to paragraphs 1 through 46 as if set forth in full.

48.	The allegations in paragraph 48 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

49.	The allegations in paragraph 49 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

50.	Defendants admit the allegations contained in paragraph 50 of the Complaint.

51.	Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and therefore deny the same and demand strict proof thereof.

52.	Defendants refer to the Summary Plan Description for the contents thereof and otherwise deny the allegations contained in paragraph 52 of the Complaint.

53.  Defendants refer to the Summary Plan Description for the contents thereof and otherwise deny the allegations contained in paragraph 53 of the Complaint.

54.  The allegations in paragraph 54 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations and demand strict proof thereof.

## CLAIM FIVE

55.  Defendants incorporate herein by reference their answers to paragraphs 1 through 54 as if set forth in full.

56.  The allegations in paragraph 56 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants Defendants deny the allegations and demand strict proof thereof.

57.  Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.  Defendants deny the allegations contained in paragraph 58 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiffs failed to exercise reasonable diligence to mitigate its damages, if any damages were in fact suffered.

### Third Affirmative Defense

The Plaintiffs claims are barred by the statute of limitations.

### Fourth Affirmative Defense

The Plaintiffs claims are barred by the doctrine of laches.

**WHEREFORE**, Defendants deny any liability to Plaintiffs, and pray that this Court enter judgment in their favor on all counts and award them the costs of this action together with such other and further relief as the Court deems appropriate.

Dated:  October 13, 2006                     Respectfully submitted,

/s/
John C. Hayes, Jr. (Bar No. 183582)
John W. Bramlette
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C.  20004-2128

Telephone: (202) 585-8000
Facsimile: (202) 585-8080

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 13th day of October, 2006, I caused a true and correct copy of the foregoing Answer of Defendants to be served by first-class United States Mail, postage prepaid, on:

>Stephen R. Bruce
>805 15th Street, N.W.
>Suite 210
>Washington, D.C. 20005
>
>*Attorney for Plaintiffs*

>_____/s/_____
>John W. Bramlette