UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

HALLINE and PAULETTE M. OVERBY,   )
                                  )
                      Plaintiffs, )
     vs.                          )
                                  )
NATIONAL ASSOCIATION OF LETTER    )   Case No. 06 CV-1356 (RMC)
CARRIERS, NATIONAL ASSOCIATION    )
OF LETTER CARRIERS ANNUITY        )
TRUST FUND, WILLIAM H. YOUNG, and )
BOARD OF TRUSTEES of the NATIONAL )
ASSOCIATION OF LETTER CARRIERS    )
ANNUITY TRUST FUND,               )
                                  )
                      Defendants. )
_____ )

## JOINT RULE 26(f) AND LCVR 16.3 REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule LCvR 16.3 and this Court's October 23, 2006 Order, Stephen R. Bruce, counsel for Plaintiffs, and John W. Bramlette, counsel for Defendants, conferred on November 6, 2006 and by email on subsequent dates regarding the topics set forth in LCvR 16.3 and respectfully submit this joint report outlining the results of the conference, with an accompanying Proposed Scheduling Order:

### Statement of the Case

**For the Plaintiffs**: Mr. Halline Overby was a participant in the NALC Annuity Trust Fund with credit for over 34 years of service as a letter carrier and union officer. One of the benefits the Annuity Trust Fund offers is a surviving spouse benefit equal to 60% of the participant's accrued benefit. This benefit was to be provided to the surviving spouse if the Annuitant was married for at least one year preceding the participant's death. Mr. Overby is now

age 86 and in poor health. He and Mrs. Overby were married on May 30, 1991 and have been married for over 15 years.

The Plan administrator for the NALC Annuity Trust Fund has taken the position that Mrs. Overby will <u>not</u> be entitled to the surviving spouse benefit because the Trust Fund's rules were amended in mid-1985 to add a requirement that the marriage must have occurred prior to the annuity commencement date. Mr. Overby commenced his retirement benefits on February 1, 1991, and married Mrs. Overby four months later. Mr. Overby did not find out about the Annuity Trust Fund's position until February 2003 when he made an inquiry to confirm her eligibility.

Plaintiffs set out five grounds for relief under ERISA:

**1.** ERISA §204(g), 29 U.S.C. §1054(g), establishes an "anti-cutback" rule to protect accrued benefits from being decreased by plan amendments. *Central Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 744 (2004). The anti-cutback rule does not permit conditions restricting the availability of a benefit to be added with respect to accrued benefits earned before the date of the amendment. Treas. Reg. 1.411(d)-4, Q&A-7. This rule applies to benefits payable to a spouse or other beneficiary. *Id.*, Q&A-2(a)(4). Thus, even if a "marriage before commencement" rule was properly added to the Annuity Trust Fund in mid-1985, it could not restrict the availability of the surviving spouse option with respect to the accrued benefits that Mr. Overby had earned before the date of the amendment.

**2.** ERISA §402(a)(1), 29 U.S.C. §1102(a)(1), requires any amendment to be adopted in accordance with the Plan's stated procedures. *Curtiss-Wright v. Schoonejongen*, 514 U.S. 73, 85 (1995). An amendment restricting the availability of benefits is ineffective unless and until it is adopted in accordance with those procedures. *Depenbrock v. CIGNA*, 389 F.3d 78, 81-82 (3d

2

Cir. 2004). The Annuity Trust Fund provides that:

> "The provisions of the Plan may be amended at any time by the Board of Trustees provided that the Trustees shall submit such proposed amendments to the Fund's Actuary for an evaluation and estimate of its cost, and adoption of amendments by the Trustees shall be subject to the approval of the Executive Council of the NALC."

Neither the Board of Trustees for the Annuity Trust Fund nor the NALC Executive Council voted to adopt a "marriage before commencement" rule, nor did the Trustees submit any "such proposed amendments to the Fund's Actuary for an evaluation and estimate of its cost." All three members of the Board of Trustees and five members of the NALC Executive Council have written letters stating that no votes were taken on those changes. Instead, it appears that outside counsel told the Board of Trustees in mid-1985 that some changes "would be required" to comply with the 1984 Retirement Equity Act, P.L. 98-297, and maintain the Plan's qualified status. A "marriage before commencement" rule is not, in fact, required to comply with the Retirement Equity Act or to maintain the Plan's qualified status.

   **3.**  ERISA §102, 29 U.S.C. §1022, requires a Summary of Material Modification ("SMM") to be distributed to the plan's participants within 210 days after the end of the year in which the change is adopted. The SMM must describe any material modifications to the Plan "in a manner calculated to be understood by the average plan participant." Defendants contend that a summary of the modified rule was distributed in or about July of 1990. Mr. Overby and others will testify that they did not receive this summary. But even if a summary of the change was distributed in or about July 1990, it could not restrict the availability of accrued benefits earned before the date of the notice. Virtually all of Mr. Overby's accrued benefits were earned before July 1990. Mr. Overby's last day of work was October 22, 1990.

    **4.**    ERISA §102 and §104, 29 U.S.C. §1022 and §1024, also require that an updated Summary Plan Description ("SPD") be distributed to participants every 5 years that reflects any material modifications to the Plan. The SPD must also be written "in a manner calculated to be understood by the average plan participant." The only SPD for the Annuity Trust Fund that Mr. Overby received after mid-1985 is an SPD dated December 31, 1999.[1] The December 31, 1999 SPD did not disclose a "marriage before commencement" rule. Instead, it states that the benefit is available if the participant has more than 5 years of service, is over age 67 and is currently receiving an annuity. A footnote states that if an annuitant was married less than a year before the annuity commenced, the spouse "must be married to you" for "at least a year as of the date of death" to obtain the benefit.

    **5.**    Under ERISA §404(a)(1), 29 U.S.C. §1104(a)(1), and *Eddy v.Colonial Life Ins. Co.*, 919 F.2d 747, 750 (D.C. Cir. 1990), the fiduciaries for a plan governed by ERISA have a duty to disclose "material information" to participants and beneficiaries so the participants and beneficiaries can take any available options to protect their benefits. No notice of this change in the plan's provisions was given to Mr. Overby before he commenced his retirement benefits on February 1, 1991. If Mr. Overby had been notified of this change in the rules, he could have delayed his annuity commencement date for four months until after he married Mrs. Overby or he could have married her four months earlier.

    **For the Defendants**: Halline Overby has been a participant in the NALC Annuity Trust Fund (the "ATF" or the "Fund") since 1979. Mr. Overby held various positions with the National

---

[1] The document to which Defendants refer in their Statement (see page 7) was not a summary plan description. Nor was it distributed to the Plaintiffs.

Association of Letter Carriers, a labor organization representing City letter carriers employed by the United States Postal Service.[2]  From 1982 until his retirement, Mr. Overby served as Assistant Secretary Treasurer of NALC and was a member of the Executive Council of NALC. Paulette M. Overby has been an employee of the NALC Health Benefit Plan since October, 1982.  She is also a participant in the Fund.  Mr. Overby retired and began receiving an annuity from the Fund in February, 1991.

In March 2003, Overby requested review of a determination by the Fund that Paulette Overby would be ineligible for a survivor benefit under the ATF's rules if Overby should pre-decease Paulette Overby.  His appeal was denied by the Trustees of the Fund on April 23, 2003, based upon the evidence that his marriage to Paulette Overby occurred in May, 1991, after the commencement of his annuity on February 1, 1991.

Under the rules and regulations of the Fund, the surviving spouse of a deceased retired annuitant is eligible for a 60% survivor benefit:

> "provided that the spouse is one to whom the Annuitant was married for at least the year immediately preceding and ending on the Annuitant's annuity commencement date, or is the parent of issue by such marriage.  Notwithstanding the foregoing, if the Annuitant and the spouse were married within the year before the annuity commencement date and were married for at least one year ending on or before the Annuitant's death, that spouse shall be paid the Survivor Annuity as if the spouse and the Annuitant had been married for the year ending on the annuity commencement date."

Overby was informed of the decision of the Trustees by letter dated May 7, 2003 explaining the grounds of the denial.

---

[2] Contrary to Plaintiffs' contention, Defendants maintain that the "sponsor" of the Fund is the Board of Trustees of the Fund, and not the National Association of Letter Carriers.

The survivor annuity provision of the ATF has been in effect since 1985, when the rules and regulations of the Fund were amended in response to the enactment of the Retirement Act of 1984 ("REA"). REA required pension plans to provide spousal survivor annuities that satisfied numerous requirements contained in the law, including a requirement that plans provide a "joint and survivor" annuity that would be payable to the spouse to whom the participant was married at the time of the annuity commencement. Prior to REA, the rules of the Fund provided that a surviving spouse was eligible for a 60% survivor annuity where the surviving spouse has been married to the annuitant for at least one year immediately preceding the annuitant's death. However, REA required that pension funds protect the spouse to whom the participant was married at the time of retirement.

The amendment concerning spousal survivor benefits was approved and duly recorded by both the Fund's Board of Trustees in April 1985 and the NALC Executive Council in May 1985, as reflected in the minutes of both meetings. As a member of the Executive Council, Mr. Overby was present at the Council meeting at which the amendments were approved. Adoption of the amendment did not violate the "anti-cutback" rule set forth in Section 204(g) of ERISA. Congress did not intend the anti-cutback rule to apply to death benefits, nor, assuming the benefit were changed today, would the anti-cutback rule apply to the Fund's spousal survival benefit. In 1985, the amendments were adopted in accordance with applicable plan procedures and ERISA.

Given the passage of time (some twenty years) between the adoption of the REA amendments and Plaintiffs' legal challenge, Defendants have had difficulty locating all of the documentation distributed to ATF participants during the relevant period and therefore have not admitted Plaintiffs' allegation that no "Summary of Material Modification" was distributed

following the REA amendments.

A Summary Plan Description ("SPD") and a booklet describing the rules and regulations of the Fund, as amended through December 31, 1989, were provided to participants of the Fund in July, 1990. Both Halline Overby and Paulette M. Overby, as officers and employees, respectively, of NALC, would have received copies of the SPD and the booklet, which contained the REA amendments, including the amended spousal survivor benefit rule. The distribution of this SPD satisfied the statutory requirements under ERISA.

Plaintiffs were on notice of the spousal survivor benefit provision in effect at the time of their marriage in May, 1991. Defendants have not breached any duties or obligations to Plaintiffs, fiduciary or otherwise.

**LCvR 16.3 Topics**

**Dispositive Motions**:

1) The parties do not currently intend to file motions for summary judgment prior to the Rule 26(a) disclosures and at least limited discovery. Therefore, the parties request that the Court proceed with discovery and other matters immediately. Plaintiffs reserve the right to file a motion for summary judgment on Claims One and Three with only limited discovery, but will evaluate whether it would be more efficient for counsel and the Court to file a motion on all claims at the same time. Defendants reserve the right to file dispositive motions including, but not limited to, a motion for summary judgment as to the Defendant National Association of Letter Carriers.

2) **Joinder of Parties/Amendment of Pleadings by**: February 21, 2007. Plaintiffs will add the Annuity Trust Fund's trustees as individual defendants if a stipulation cannot be reached that

the relief will in no way be limited by the Plaintiffs having named the Board of Trustees as a Defendant rather than individual trustees.

3) **Magistrate Judge**: The parties do not consent to proceed before a Magistrate Judge.

4) **Possibility of Settlement**: The parties do not rule out the possibility of settlement, but need to evaluate the number of other plan participants who will be affected by a resolution favorable to the Plaintiffs.

5) **Validity of ADR**: The parties agree that ADR may be useful prior to dispositive motions and trial and believe that ADR may also be able to narrow the factual issues in dispute after limited discovery. The parties agree to revisit the issue of ADR within sixty (60) days after the Rule 26(a) disclosures are made.[3]

6) **Dispositive Motions Deadline**:

   a) **Motions**:     June 15, 2007.

   b) **Oppositions**: July 6, 2007.

   c) **Replies**:     July 20, 2007.

7) **Pre-Discovery Disclosures**: The parties propose that the Rule 26(a)(1) disclosures shall be exchanged by January 12, 2007.

8) **Discovery**:

   a) **Deadlines**:

      i)   All Discovery Completed By: May 31, 2007.

      ii)  Interrogatories, Requests for Admissions and Requests for Production of

---

[3] For the Court's convenience, the Proposed Scheduling Order contains a referral for mediation before March 12, 2007.

      Documents Propounded By: April 6, 2007.

   iii)    Depositions Completed By: May 31, 2007.

b) **Limits**: The parties agree to comply with the discovery limitations imposed by the Federal Rules of Civil Procedure. The parties believe that each side should be limited to ten (10) depositions.

9) **Expert Deadlines**: The parties do not contemplate the use of expert witnesses.

10) **Class Actions**: N/A.

11) **Bifurcation**: The parties do not believe that discovery or the trial should be bifurcated.

12) **Date for Pre-Trial Conference**: The parties request that the date for the pretrial conference be scheduled sixty (60) days after rulings on dispositive motions.

13) **Trial Date**: The parties request that the Court set a firm trial date be set at the pretrial conference.

14) **Other Matters**: None at this time.

Dated: November 20, 2006

                                                Respectfully submitted,
                                                /s/ Stephen R. Bruce
                                                Stephen R. Bruce
                                                D.C. Bar No. 289066
                                                805 15th St., NW, Suite 210
                                                Washington, D.C. 20005
                                                Telephone: (202) 371-8013
                                                Facsimile: (202) 371-0121

                                                Attorney for Plaintiffs

                                                /s/ John C. Hayes, Jr.
                                                John C. Hayes, Jr.  (D.C. Bar No. 183582)
                                                John W. Bramlette
                                                NIXON PEABODY LLP

                                        401 Ninth Street, N.W., Suite 900
                                        Washington, D.C. 20004-2128
                                        Telephone: (202) 585-8000
                                        Facsimile: (202) 585-8080

                                        Attorneys for Defendants