IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HALLINE and PAULETTE OVERBY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NATIONAL ASSOCIATION OF )<br>LETTER CARRIERS, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 06-CV-1356 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER
AND LIFT THE STAY OF DISCOVERY**

**INTRODUCTION**

Through their counsel, Plaintiffs Halline and Paulette Overby ("Plaintiffs") filed their complaint ("Complaint") against the Defendants on August 1, 2006. Plaintiffs' Complaint includes five counts, each implicating the federal ERISA statute located at 26 U.S.C. § 401, *et. seq.*, (2007). Plaintiffs have challenged the determination by the National Association of Letter Carriers ("NALC") Annuity Trust Fund (the "NALC ATF" or the "ATF"), a pension plan in which both plaintiffs are participants, that Paulette Overby would not be eligible for a survivor annuity under the plan if Mr. Overby predeceases her.

Two factual allegations constitute the primary basis of Plaintiffs' Complaint. First, Plaintiffs claim that amendments to the ATF implicating the spousal survivor benefit rules were not properly adopted in 1985. Second, Plaintiffs claim that Defendants failed to properly distribute information regarding the aforementioned ATF amendments in accordance with ERISA. These are the central factual disputes in this litigation.

10562715.1

On March 16, 2007, a status conference was held via telephone. On the call were counsel for both parties and the Court. During this teleconference, counsel for the Defendants expressed a willingness to participate in mediation, but requested that discovery should be permitted to proceed in advance of any mediation conferences. In the wake of this teleconference, the Court entered a minute order ("Order") referring the case to Magistrate Judge John M. Facciola ("Judge Facciola") for mediation. The Order provides for a sixty-day (60) mediation period, which began on May 1, 2007, and provides that "discovery shall be suspended during this mediation period." An initial mediation conference with Judge Facciola has since been scheduled for May 15, 2007.

As set forth more fully below, although some discovery has taken place, Plaintiffs have thwarted Defendants' efforts to proceed with discovery Defendants desired to complete prior to the stay imposed by the Order. Shortly prior to the March 16, 2007, teleconference, the parties mutually produced and exchanged all documents referenced in their Rule 26(a)(1) initial disclosures. In addition, Defendants have responded to a request for production of documents served by Plaintiffs and have produced an individual the Plaintiffs sought to depose, all in advance of the May 1, 2007, discovery suspension.[1]

Among the documents produced by the Plaintiffs were written statements purportedly signed by several former NALC officers ("Statements"), including former Trustees of the ATF. The Statements contained representations regarding events that they allege transpired (or did not transpire) at Trustees meetings of the ATF and at meetings of the NALC Executive Council (the governing body that ultimately approves ATF amendments) in 1985. Defendants informed Plaintiffs' counsel of their desire to schedule depositions of a number of these individuals.

---

[1] By agreement, and to accommodate Plaintiffs' counsel's request, Defendants deposed Mr. Overby on May 1, rather than an earlier date, which was also selected by the Plaintiffs.

- 3 -

Despite repeated attempts to obtain the Plaintiffs' assistance in setting mutually acceptable dates for the depositions, Plaintiffs' counsel has simply failed to cooperate. Most recently, in light of the impending discovery stay, Plaintiffs' counsel informed Defendants that Plaintiffs would not consent to depositions scheduled during the period of the stay.

In moving to modify the Order ("Motion"), Defendants ask the Court to lift the stay of discovery and reschedule the mediation conference at such a time as to permit the Defendants to depose certain individuals who purportedly signed these Statements in advance of the conference. For example, Defendants have identified two individuals who submitted statements, George Davis and James Worsham. These gentlemen are former Trustees who attended the April 19, 1985, Board of Trustees meeting of the ATF in Nashville, Tennessee. Mr. Davis further claims to have attended the May 14-16, 1985, NALC Executive Council meeting in Washington, D.C. Copies of their attestation letters are attached hereto as Exhibits A and B respectively.

These gentlemen represent two of the three ATF Trustees in place at that time, a majority of the individuals of who voted on proposed amendments to the ATF at the April 1985 meeting. However, among other assertions, their attestations respectively assert that the individuals "do not recall any discussion or vote on the Annuity Trust Fund" and that there "was no vote taken in Nashville… on the NALC Annuity Trust Fund" *See* Ex. A, B. There is also an assertion by Mr. Worsham that he "never received" any copies of revised plan document. *See* Ex B.

Defendants sharply contest the representations made in these and the other Statements provided by Plaintiffs as contrary to the record. For example, the assertions that there were no discussions or votes taken at the Trustees' meeting are directly contradicted by the approved minutes for the same meeting, a copy of which are attached hereto as Exhibit C. Similarly, Mr.

Davis' Statement directly contradicted by the approved minutes for the May 1985 NALC Executive Council meeting at which the ATF amendments were discussed and approved by the Council. *See* Exhibit D. Both parties would agree that the Statements obtained by the Plaintiffs contain assertions that directly contradict, at the very least, the approved minutes for the same meetings. In addition, Defendants contest the contentions of Plaintiffs and others, such as Mr. Worsham's, that plan documents were not provided.

Plaintiffs' lawsuit contends that amendments to the survivor annuity rules which are the basis of the ATF's determination regarding Mrs. Overby's ineligibility for benefits were not in fact adopted in 1985, as Defendants assert that the record unquestionably establishes. Plaintiff can be expected to press that point in the upcoming mediation, as well as their contention that plan documents were not provided to Plaintiffs. Thus, Defendants are entitled to discovery regarding the Statements produced by Plaintiffs.

Plaintiffs' lawsuit, which commenced last year, calls into question events that occurred approximately twenty-two years ago. Accordingly, there are very few individuals who were present at these meetings and/or were involved in the administration of the ATF who are available today as witnesses. As such, the Court should delay the mediation period until such time as the Defendants are afforded a fair opportunity for discovery regarding the substance of the Statements on which Plaintiffs' rely.

**STANDARD OF REVIEW**

United States District Courts are afforded "substantial discretion" to manage matters of discovery as they see fit. *Barry v. U.S. Capitol Guide Bd.*, 2005 U.S. Dist. LEXIS 8381, at *13 (D.D.C. May 2, 2005) (citing *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002)).

## ARGUMENT

Defendants ask the Court to exercise its discretion by lifting the stay on discovery and permitting depositions of at least some of the non-parties whose Statements have been produced by Plaintiffs, for example, Messers. Worsham and Davis, prior to the occurrence of any mediation conferences. The undersigned seeks relief from the Court as a last resort on this matter.

As set forth above, since the beginning of April, Defendants, through their counsel, attempted to schedule depositions for some of those who authored Statements, specifically, Messers. Worsham and Davis. Rather than unilaterally issuing subpoenas to some or all of the third parties, as Defendants could have done, Defendants attempted to coordinate with Plaintiffs' counsel and determine times and locations that would be mutually convenient. These efforts at cooperation were met with resistance from Plaintiffs' counsel, who provided no suggested dates, times or locations. After several weeks of attempts to schedule the depositions, on April 23, 2007, Plaintiffs' counsel explained in an email that "[they] simply [did] not have time to do this in the next two weeks." A redacted copy of this email is attached hereto as Exhibit E.

Meanwhile, the undersigned demonstrated cooperation with Plaintiffs' counsel in the following ways: (1) acceptance of Plaintiffs' suggested date for the deposition of Plaintiff Halline Overby; (2) acceptance of Plaintiffs' suggested for date for the deposition of Karl Sennewald and production of Mr. Sennewald; and (3) stipulation to Plaintiffs' second suggested date for the deposition of Plaintiff Halline Overby, even though the date was in May, the period during which discovery was suspended by this Court's Order.

Regardless of the allocation of blame for how discovery has proceeded to this point, the fact remains that, having failed to cooperate in discovery Defendants have sought regarding the

Statements prior to the scheduled time for mediation, Plaintiffs may well seek to rely upon the Statements in the mediation, Statements which purport to raise factual disputes on which Plaintiffs base their theory of the case. Defendants have been stymied in their efforts to obtain discovery regarding these issues and should not be hindered in their efforts at this stage, where the Court has directed mediation. In the absence of the requested relief, Defendants will have to await the end of the 60-day period set aside by the Court's Order prior to resuming discovery.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be granted in its entirety.

Dated: May 8, 2007

Respectfully submitted,

_____/s/_____
John C. Hayes, Jr. (Bar No. 183582)
John W. Bramlette (Bar No. 499362)
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington D.C.  20004
(202) 585-8000 (phone)
(202) 585-8080 (facsimile)
jhayes@nixonpeabody.com

*Counsel for Defendants*

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May, 2007, I caused a copy of the foregoing Memorandum of Points and Authorities in Support of Defendants' Motion to Modify the Scheduling Order and Lift the Stay of Discovery to be filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

>Stephen Bruce
>805 15th Street, N.W.
>Suite 210
>Washington, D.C.  20005


>_____/s/_____
>John W. Bramlette