UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HALLINE and PAULETTE OVERBY, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 06-CV-1356 (RMC/JMF) |
| NATIONAL ASSOCIATION OF LETTER CARRIERS, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) ) |

**OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE**

Defendants National Association of Letter Carriers ("NALC"), National Association of Letter Carriers Annuity Trust Fund ("Fund" or "Plan"), William H. Young ("Mr. Young") and Board of Trustees of the National Association of Letter Carriers Annuity Trust Fund ("Board"), collectively "Defendants" by its attorneys Nixon Peabody LLP, hereby opposes Plaintiffs' Motion in Limine as Plaintiffs misinterpret the requirements of the Federal Rules of Civil Procedure and ask the Court to make unwarranted and/or illogical adverse inferences.

**I.   Plaintiffs Claims that Defendants did not "Fairly Respond" are without Merit and the Motion should be Denied.**

Plaintiffs misconstrue the requirements of Fed. R. Civ. P. 36(a)(4). Rule 36 states if a matter is not admitted, the answer must specifically deny <u>or</u> state in detail why the answering party cannot truthfully admit or deny it. Plaintiffs argue Defendants did not "fairly respond" to their Requests because they did not provide further explanation of their denials. The Rules do not require such further justification. That Plaintiffs do not factually agree with the responses does not mean Defendants did not "fairly respond." Defendants responded to Plaintiffs'

Requests for Admissions in accordance with the Federal Rules of Civil Procedure and Plaintiffs' Motion should be denied.

To the extent Plaintiffs take the position that their Requests should be deemed admitted based on Defendants' responses to interrogatories, such argument is equally without legal basis. Defendants properly objected to Plaintiffs interrogatories, which in essence, sought a memorandum in support of a motion to dismiss or summary judgment. Anything but complete admission would have required Defendants to set forth every single aspect of their defense in this case. Further, the focus of Plaintiffs' Requests were the subject of an exorbitant number of questions in multiple depositions which Plaintiffs took before service of the Requests. The interrogatories sought reiteration of pages and pages of deposition testimony which Plaintiffs already had. Regardless, even assuming Defendants' interrogatory responses were deficient, the remedy is not to deem all Plaintiffs' Requests for Admission admitted.

Plaintiffs' allegations that Defendants improperly responded to "requests based on documents not produced" and/or "requests based on documentary evidence" ignore the fact that witnesses have testified, at length, with respect to these issues. For example, Rick LaFollette testified that Defendants denied a participant benefits under the survivor rule and that decision was later reversed. Deposition of Richard LaFollette, March 14, 2008 at 38-40 attached hereto as Exhibit 1. Moreover, contrary to Plaintiffs claims, Defendants did produce documents identifying a participant who was told the rule was modified. Bastes Nos. NALC1195-1208 and NALC1453-1474 attached hereto as Exhibit 2.[1]  Further, Jani Rachelson testified that her handwritten notes do indicate a vote took place. Deposition of Jani Rachelson, March 11, 2008 at

---

[1] These files have been marked as confidential and will be filed with the Clerk's office pursuant to the Court's ECF rules.

57 attached hereto as Exhibit 3.  That Plaintiffs do not like the testimony or Defendants' Request responses does not mean they are inadequate.  Defendants had proper grounds for denying these admissions and Plaintiffs' Motion must be denied.

    **II.    There is no Reason for the Court to Take Adverse Inferences against Defendants.**

Contrary to Plaintiffs claims, Defendants did produce the Form 5500 for the NALC Health Benefit Plan for the year ending December 31, 1985 (Bates Nos. NALC 0326-0337), under cover letter dated April 20, 2007, attached hereto as Exhibit 4.  Plaintiffs' claim is without merit and their request that the Court draw any adverse inference with respect to this document should be denied.

With respect to the Application for Retirement or Survivor Annuity Form, Defendants are unclear on what basis Plaintiffs seek an adverse inference.  Plaintiffs' Request for Admission No. 2 stated "admit that between May 16, 1985 and February 29, 2008, participants or spouses applying for retirement benefits under the NALC Annuity Trust Fund have received the application for Retirement or Survivor Annuity, Form ATF 13 4/82." (emphasis added).  Defendants denied this request, because, as pointed out by Plaintiffs in their Motion, Assistant Plan Administrator, Rick LaFollette testified that the form changed in the middle to latter part of the summer of 2007." (emphasis added).  Defendants did not improperly withhold or fail to produce documents and thus, no adverse inference is warranted.

Similarly, Plaintiffs basis for seeking an adverse inference with respect to an actuarial valuation is also not clear.  As Plaintiffs point out, the minutes of the December 5, 1985 trustees meeting state the actuary "reviewed the actuarial valuation for the fiscal year ending June 30, 1985" and "explained the valuation recognizes the benefit improvement adopted at the April 19 meeting, as well as the new survivor benefit required by the Retirement Equity Act." Motion at

3

8.  The change to the one year at death rule was part of the discussion on survivor benefits as indicated in the Trustee minutes of the April 19.  The minutes do not suggest the survivor benefit rule was not a part of that valuation and no such adverse inference is warranted.

Finally, the absence of notes from the May 1985, Executive Council meeting does not warrant any adverse inference.  The meeting in question took place over twenty-years ago.  Moreover, it does not logically follow that the inference would be what is or is not in the substance of the notes; that is; they show there was no presentation on the modification to the survivor annuity rule.  Thus, Plaintiffs' Motion should be denied.

## CONCLUSION

Defendants answered Plaintiffs' Requests for Admission in accordance with the Federal Rules of Civil Procedure.  Plaintiffs have failed to show reasons the Court should take any adverse inference and even assuming there is cause for such remedy, Plaintiffs proposed inferences do not logically follow the alleged deficiencies.  For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion in Limine.

Dated: May 19, 2008                         Respectfully submitted,

                                            NIXON PEABODY, LLP


                                            /s/ John C. Hayes, Jr.
                                            John C. Hayes, Jr. (DCB No. 183582)
                                            Emily K. Hargrove (DCB No. 482906)
                                            401 9th Street, N.W., Suite 900
                                            Washington, DC 20004-2128
                                            (202) 585-8000
                                            (202) 585-8080 (facsimile)

                                            *Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 19th day of May, 2008, a true and correct copy of the foregoing and this Certificate of Service was filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

>Stephen R. Bruce
>Allison Caalim
>D.C. Bar No. 289066
>805 15th St., NW, Suite 210
>Washington, D.C. 20005

>/s/ John C. Hayes, Jr.
>John C. Hayes, Jr.